# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF PRIVOCEAN SHIPPING LTD. AND BARIBA CORP., AS OWNERS AND MANAGING OWNERS OF THE M/V PRIVOCEAN PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO: <br><br> SECTION: <br><br> JUDGE: <br><br> MAGISTRATE: |

## VERIFIED COMPLAINT IN LIMITATION

The Complaint in Limitation of Privocean Shipping Ltd. and Bariba Corp., as owners and managing owners, respectively, of M/V PRIVOCEAN (hereinafter collectively referred to as "Petitioners"), in a cause of exoneration from and limitation of liability, civil and maritime, within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, alleges upon information and belief, as follows:

(1) At all times pertinent to this cause, Privocean Shipping Ltd. ("Privocean"), was a company organized and existing under and by virtue of the laws of a foreign nation, with its principal place of business outside the United States, and was the owner of M/V PRIVOCEAN.

(2) At all times pertinent to this cause, Bariba Corp. ("Bariba") was a corporation organized under and existing by virtue of the laws of a foreign nation, with its principal place of business outside the United States, and was the managing owner of M/V PRIVOCEAN, manning, victualing, and in operational control of said vessel.

1

(3)     M/V PRIVOCEAN is a bulk carrier bearing IMO number 9628087 and flagged under the laws of Malta and home-ported in Valetta.

(4)     Petitioners used due diligence to make the aforementioned vessel seaworthy, and she was, prior to the casualty herein, tight, staunch, strong, and fully and properly manned, equipped, and supplied and in all respects seaworthy and fit for the service in which she was engaged.

(5)     During the afternoon of April 6, 2015, while moored starboard side to the Convent Marine Terminal ("CMT") (ex-IC Rail Marine) wharf, PRIVOCEAN broke away despite extra mooring lines and two "hold in" tugs, T/B TEXAS on the bow and T/B NED FERRY on the stern, and was overpowered by the strong river current, striking M/T BRAVO moored to the Ergon St. James wharf facility. T/B TEXAS did not get clear in time and was pinched between M/T BRAVO and M/V PRIVOCEAN.  Allegedly as a result, the Ergon St. James wharf facility also sustained damage.  There was a minor oil spill, and the T/B TEXAS crew have claimed injuries.

(6)     This Complaint is filed within six months from the date Petitioners received first notice of a limitable claim.

(7)     The aforementioned incident was not due to any fault, neglect or want of care on the part of Petitioners or M/V PRIVOCEAN or anyone for whom said Petitioners may be responsible.

(8)     The aforementioned incident was occasioned and occurred without the privity and knowledge of Petitioners herein.

(9) As a result of the aforementioned incident, certain persons allege they sustained physical damages, economic, and/or other losses.

(10) Filed herewith is a list of all demands related to this aforementioned incident of which Petitioners have knowledge as of the time of the filing of this Complaint. Upon information and belief, Petitioners are, as of this date, unaware of any other suits, petitions, demands, unsatisfied claims of liens, or liens against Petitioners or the M/V PRIVOCEAN arising out of the aforementioned incident.

(11) As a result of the aforementioned incident, Petitioners' vessel sustained damage presently estimated at $250,000.00. Petitioners reserve the right to supplement and amend this paragraph as further facts are developed.

(12) The subject breakaway of the M/V PRIVOCEAN began in the Mississippi River on April 6, 2015. There was no freight or hire pending at that time. (Exhibit "A")

(13) Petitioners' interest in M/V PRIVOCEAN, based on the attached Valuation Report (Exhibit "B"), together with its pending freight, and the damage sustained by PRIVOCEAN, did not and does not now exceed the maximum sum of NINETEEN AND 00/100 MILLION ($19,000,000.00) UNITED STATES DOLLARS.

(14) Petitioners herewith submit for Court approval, as security for the benefit of all potential claimants, a Letter of Undertaking from Gard P&I (Bermuda) Ltd. in the sum of $19,000,000.00, plus interest at six percent (6%) per annum form the date of said Letter of Undertaking, said sum representing the total value of the M/V PRIVOCEAN, her appurtenances, and pending freight or hire following the casualty. (Exhibit "C")

(15) Petitioners claim exoneration from and limitation of liability for any and all injuries, deaths, losses, or damages occurring as a result of the aforementioned incident and for any and all claims therefor. Petitioners allege that they have a valid defense thereto on the facts and on the law. Alternatively, Petitioners, without admitting but affirmatively denying all liability, claim the benefit of the limitation of liability provided for in Sections 30501, *et seq.* of Title 46 of the United States Code, and, to that end, Petitioners herewith deposit into the registry of the Court, as security for the benefit of potential claimants, the aforementioned Letter of Undertaking.

(16) Petitioners show that if one or all of them should be held liable to any degree to anyone, which is denied, the liability should be limited to and not exceed the value of Petitioners' interest in the aforementioned vessel and her freight in the maximum aggregate of $19,000,000.00.

(17) Should it later appear that Petitioners are or may be liable and that the amount or value of their interests in the M/V PRIVOCEAN and her pending freight, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share pro rata in the aforesaid sum represented by the Letter of Undertaking, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules, the general maritime law, and by the rules and practices of this Honorable Court.

(18) All and singular the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, Petitioners pray:

(1) This Court issue an Order approving the Letter of Undertaking submitted to the Court by Petitioners as security for the amount or value of its interest in the M/V PRIVOCEAN and her pending freight or hire;

(2) This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Petitioners a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Petitioners an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

(3) This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Petitioners, their officers, and their underwriters, and/or against the M/V PRIVOCEAN, her officers and crews or against any employee or property of Petitioners except in this action, to recover damages for or in respect of any loss, damage, injury, or deaths occasioned or incurred as a result of the aforesaid accident;

(4) This Court will adjudge, after due proceedings, that Petitioners are not liable to any extent for any injuries, losses, deaths, or damages occurring as a result of the accident, or for any claim therefor in any way arising out of or resulting from the aforesaid accident;

(5)     Alternatively, if Petitioners shall be adjudged liable, then that such liability be limited to the amount or value of Petitioners' interest in the M/V PRIVOCEAN and her pending freight, as aforesaid, at the end of the voyage on which it was engaged at the time of the accident, and that Petitioners be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging both Petitioners and their underwriters from all further liability; and

(6)     Petitioners may have such other, further or different relief as may be just in the circumstances.

Respectfully submitted,

**PHELPS DUNBAR LLP**

__/s/ Gary A. Hemphill_____
Gary A. Hemphill, T.A. (#6768)
Michael M. Butterworth (#21265)
Meredith W. Blanque (#32346)
Adam N. Davis (#35740)
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
gary.hemphill@phelps.com
michael.butterworth@phelps.com
blanquem@phelps.com
adam.davis@phelps.com
**ATTORNEYS FOR PETITIONERS, PRIVOCEAN SHIPPING LTD., AND BARIBA CORP.**